NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5180

HARRY P. TEICHMAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: January 11, 2006

_____

Before GAJARSA, DYK, and PROST, Circuit Judges.

PER CURIAM.

Harry P. Teichman seeks review of the decision of the United States Court of Federal Claims ("Court of Claims"), dismissing his complaint for lack of subject matter jurisdiction because the complaint was filed outside the pertinent statute of limitations. We affirm.

## BACKGROUND

In 1988, Teichman entered the United States Naval Academy. The Academy maintained a computer program to document student absences. In April 1992, Teichman, without authorization, accessed this program twice: first to delete some of his absences, then to reenter some of the absences he had deleted. After Teichman's company officer discovered discrepancies in the documented absences, Teichman admitted to accessing the computer program. Teichman's company officer then

accused Teichman of committing the honor offense of lying. An honor board convened and concluded that Teichman had committed an honor offense.

On August 19, 1992, after a series of internal proceedings and under the direction of the Assistant Secretary of the Navy for Manpower and Reserve Affairs, Teichman was separated from the Academy and ordered to repay the government for his tuition. Thereafter, Teichman remitted $36,385.70, representing a compromise offer by the government, to the Defense Finance and Accounting Service. The letter and check submitted by Teichman is dated November 10, 1993.[1]

On August 3, 1995, Teichman petitioned the Board for Correction of Naval Records ("BCNR") to either reinstate him to the Academy or to award him his degree and return the $36,385.70. Teichman also raised numerous due process issues concerning the honor board proceeding. The BCNR found no error in the honor board's proceedings; however, two of the three BCNR panel members recommended that "the record [ ] be corrected to show that [Teichman] was not required to reimburse the government for the cost of his education." Gov't App. at 35. The Assistant Secretary declined to adopt this recommendation and denied all relief on July 8, 1998.

On July 8, 2004, Teichman filed a complaint in the Court of Claims alleging (1) wrongful separation and requesting reinstatement, money damages, or other relief and

---

[1] The Court of Claims misstates the date that Teichman remitted $36,385.70 to the government as November 12, 2003. The Government's brief repeats this error. However, the Government's appendix indicates that Teichman's check and letter were dated November 10, 1993. Moreover, in its opinion dated February 4, 1998, the Board for Corrections of Naval Records stated that the "Petitioner has reimbursed the government over $36,000 of educational expenses in full settlement of a compromise offer," thus demonstrating that the BCNR concluded that the payment was made before February 4, 1998. Gov't App. at 29.

05-5180

(2) that the Assistant Secretary acted arbitrarily and violated Teichman's constitutional rights by not adopting the BCNR's majority recommendation regarding the tuition reimbursement. The Court of Claims dismissed Teichman's complaint for lack of jurisdiction, holding that (1) the six-year statute of limitations for wrongful discharge began to run from the August 19, 1992, date of discharge, and (2) the court has no jurisdiction over claims that do not support a claim for money damages against the United States. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Claims' jurisdictional determination without deference. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). On appeal, Teichman concedes that the first count of his complaint, seeking reinstatement and monetary damages, was properly dismissed as filed outside the six-year statute of limitations.[2] The Court of Claims also properly dismissed count two of Teichman's complaint, seeking review of the Assistant Secretary's decision, albeit for the wrong reason.

Teichman essentially seeks to recover the tuition reimbursement that he remitted to the government. This cause of action began to accrue on the day he reimbursed the government in November of 1993, not, as the Court of Claims held, the date he was discharged from the Academy. See Martinez v. United States, 333 F.3d 1295, 1311 (Fed. Cir. 2003) (en banc) ("[I]n order for [plaintiff's] claim to be within the Tucker Act jurisdiction of the Court of Federal Claims, it had to be for money owing to him . . . .")

---

[2] "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2000).

05-5180

3

(emphasis added). Therefore, Teichman had six years from the date of his reimbursement to file a claim seeking recovery of the reimbursement. Teichman filed his complaint in the Court of Claims on July 8, 2004, well outside the six-year statute of limitations.

Teichman argues that the Assistant Secretary's decision in refusing to adopt the BCNR's recommendation is an independent basis for liability and therefore started its own six-year limitations period. In Martinez we held that a correction board's decision does not give rise to a new cause of action. Id. at 1311-12. Martinez applies to the Assistant Secretary's determination just as it does to the BCNR's decision. Therefore, the Assistant Secretary's rejection of the BCNR's recommendation in this case does not initiate a new limitations period with respect to Teichman's claim for recovery of the tuition reimbursement.

Insofar as Teichman asserts that the Assistant Secretary's decision violated his constitutional rights in some way other than by denying him recovery of the tuition reimbursement, the Court of Claims correctly determined that it lacked jurisdiction. The Court of Claims has no jurisdiction over constitutional violations which do not support a claim for money damages. See, e.g., Fisher, 402 F.3d at 1173; LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

We have considered Teichman's other arguments and conclude that they have no merit.

05-5180

4

## CONCLUSION

For the foregoing reasons, the decision of the Court of Claims is affirmed.

## COSTS:

No costs.

05-5180

5